## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

ANTWAN STEELE,

Petitioner,

v.                                        CASE NO. 19-3225-SAC

SHANNON MEYER,

Respondent.

### MEMORANDUM AND ORDER

This matter is a petition for habeas corpus under 28 U.S.C. § 2254.  Petitioner proceeds *pro se*.  Petitioner claims his sentence violates the Eighth Amendment as a life sentence imposed on a juvenile for a non-homicide offense.  Respondent filed a motion to dismiss (ECF No. 12), alleging Petitioner has failed to exhaust his state remedies.  Petitioner filed a timely response to the motion (ECF No. 13).  The Court finds Respondent's motion should be granted for failure to exhaust, as described more fully below.

### Background

Petitioner was convicted in the District Court of Geary County, Kansas of two counts of rape, two counts of aggravated burglary, and attempted aggravated criminal sodomy.  Petitioner was 17 years old when he committed the crimes, and he was sentenced to 899 months (approximately 75 years).  The Kansas Court of Appeals (KCOA) affirmed the convictions.  *State v. Steele*, 996 P.2d 848 (Table), No. 82,120 (Kan. App. Feb. 4, 2000).  The Kansas Supreme Court (KSC) denied review.

On February 1, 2001, Petitioner filed a motion for post-conviction relief under K.S.A. 60-1507. *Steele v. Nelson*, No. 2000-CV-000192, District Court of Geary County, Kansas. The district court denied relief, and Petitioner appealed but voluntarily dismissed his appeal. *Steele v. Nelson*, No. 89534 (Kan. App. Feb. 12, 2003). On March 12, 2003, Petitioner filed a second K.S.A. 60-1507 action raising seven issues. *Steele v. Simmons*, No. 2003-CV-000058, District Court of Geary County, Kansas. The district court again denied relief after an evidentiary hearing, and the KCOA affirmed on the single issue appealed (ineffective assistance of trial counsel related to DNA and forensic evidence). *Steele v. State*, 120 P.3d 808 (Table), 2005 WL 2495783 (Kan. App. Oct. 7, 2005).

On or about August 15, 2014, Petitioner filed a motion to correct an illegal sentence under K.S.A. 22-3504. According to Petitioner, he argued that the statute allowing the trial judge discretion to impose a sentence outside the presumptive sentence was unconstitutional and that the 899-month sentence imposed on a juvenile constituted cruel and unusual punishment. The district court conducted a hearing on March 27, 2015 and noted on the docket that the "[p]arties agree that a resentencing should be done." Petitioner was resentenced on September 24, 2015, with the district court judge removing the upward departure resulting in Petitioner's sentence being reduced to 615 months (approximately 51 years). Petitioner then filed a second motion to correct illegal sentence on October 2, 2017, on the grounds that the sentence of 615 months amounts to constitutionally cruel and unusual punishment in violation of the Eighth Amendment. The district court denied relief, and the KCOA affirmed the denial, finding constitutional claims cannot be raised in a statutory motion to correct an illegal sentence. *State v. Steele,* 429 P.3d 626 (Table), 2018 WL 5728276 (Kan. App. Nov. 2, 2018). The KSC denied review on July 22, 2019.

Petitioner then filed another 60-1507 motion in district court on December 27, 2019.  The district court summarily dismissed the motion, and Petitioner appealed.  His appeal remains pending before the KCOA.  *Steele v. State*, No. 122,754, Kan. App.  The issue raised is whether Mr. Steele's appellate counsel was ineffective for failing to argue the revised sentence violates the Eighth Amendment.

## Discussion

A federal court cannot grant a state prisoner's habeas petition unless the petitioner has exhausted his claims in state court.  *See* 28 U.S.C. § 2254(b)(1).  Exhaustion requires that a state prisoner give state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999); *see Pavatt v. Carpenter*, 928 F.3d 906, 923 (10th Cir. 2019).  "A claim is exhausted only after it has been fairly presented to the state court."  *Pavatt*, 928 F.3d at 923 (quoting *Simpson v. Carter*, 912 F.3d 542, 564 (10th Cir. 2018)).  "States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights."  *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).  Petitioner bears the burden of showing exhaustion. *McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009).

Respondent argues that Mr. Steele's petition should be dismissed because he has an active appeal in the state courts challenging the same custody and raising the same claim he raises in this Court.  Petitioner argues that the state court appeal was not pending when he filed his 2254 petition. He further argues his claim in the state appeal is ineffective assistance of habeas counsel, not the unconstitutionality of his sentence.

Petitioner is appealing the dismissal of his latest state habeas corpus action, raising the claim that "Mr. Steele's appellate and post-conviction counsel provided ineffective assistance of

counsel" by failing to present a proper argument that Petitioner's sentence violated the Eighth Amendment. *See* ECF No. 12-1, at 3, Civil Docketing Statement in *Steele v. State*, Kansas Court of Appeals. To state a claim for ineffective assistance of counsel, Petitioner must show that his Eighth Amendment argument has merit. He must demonstrate a reasonable probability that, but for his counsel's deficient performance, "he would have prevailed on his appeal." *Smith v. Robbins*, 528 U.S. 259, 285 (2000). Therefore, whether his sentence violates the Eighth Amendment is an issue in his pending state appeal. The policy of comity, on which the exhaustion requirement is based, requires this Court to give the state courts the chance to correct the alleged constitutional violation resulting from sentencing a juvenile to 615 months in prison. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971).

Moreover, it is not clear that the Kansas courts have previously had the opportunity to consider the merits of Petitioner's Eighth Amendment claim. While he states he raised the argument in his first motion to correct an illegal sentence, the district court docket entries indicate the motion was decided on other grounds. *See State v. Steele*, No. 97-CR-982, District Court of Geary County, Kansas. Petitioner also attempted to raise the issue in his second motion to correct an illegal sentence, but the state courts did not consider the merits of the claim because they found that constitutional claims could not be raised in those proceedings. *State v. Steele,* 429 P.3d 626 (Table), 2018 WL 5728276 (Kan. App. Nov. 2, 2018). Petitioner has not met his burden to show his claim has been exhausted.

For these reasons, the Court finds that Petitioner's claim is not yet exhausted. Respondent's motion is granted, and the petition is dismissed without prejudice to Petitioner's refiling after he has exhausted his claim in the Kansas state courts.

## Certificate of Appealability

Last, the Court must consider whether to issue a certificate of appealability.  Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  The Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the Court "indicates which specific issue or issues satisfy [that] showing." 28 U.S.C. § 2253.  A petitioner meets that standard by showing that the issues presented are debatable among jurists, that a court could resolve the issues differently, or that the issues deserve further consideration.  *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 (1983)).

The Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right in respect to the exhaustion requirement and therefore declines to enter a certificate of appealability.


**IT IS THEREFORE ORDERED** that Respondent's Motion to Dismiss (ECF No. 12) is **granted**.  This matter is **dismissed without prejudice** for failure to exhaust state court remedies.

**IT IS FURTHER ORDERED** that Respondent's motion for extension of time to file answer (ECF No. 11) is retrospectively **granted**.

**IT IS SO ORDERED.**

DATED:  This 14th day of December, 2020, at Topeka, Kansas.


s/  Sam A. Crow\_\_\_\_\_
**SAM A. CROW**
**U.S. Senior District Judge**